UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIFTH THIRD BANK,

        Plaintiff,

                                      CASE NO. 1:12-CV-1123

v.

                                        HON. ROBERT HOLMES BELL

UNITED STATES DEPARTMENT
OF AGRICULTURE-RURAL
DEVELOPMENT, et al.,

        Defendants.

_____/

**O P I N I O N**

This is an interpleader action brought by Plaintiff Fifth Third Bank to resolve competing interests in the funds residing in Defendant Bentwaters Partners' bank account at Fifth Third.  There are three interests in these account funds: (1) Defendant Triangle Associates' default judgment on its writ of garnishment against Fifth Third; (2) Defendant Mercantile Bank's two presently-unsatisfied writs of garnishment against Fifth Third; and (3) the United States Department of Agriculture's ("USDA") security interest in the funds. Fifth Third brought the present action to resolve the priority of these interests.  Also before the Court is Fifth Third's motion for leave to file a reply brief.  (Dkt. No. 28.)

Presently before the Court is Triangle's motion for summary judgment.  (Dkt. No. 16.) Triangle argues that this entire case is improper and should be dismissed.  In the alternative, Triangle requests that it be dismissed.  Triangle submits four justifications for the dismissal

of this case and/or Triangle: (1) res judicata, (2) collateral estoppel, (3) waiver, and (4) unclean hands. Last, although not discussed in the briefing, (5) the doctrine of *Rooker-Feldman* was submitted at the hearing as a justification for dismissal.

## I.

In February 2011, Mercantile served a writ of garnishment on Fifth Third seeking account funds in Fifth Third's possession belonging to Bentwaters. (Dkt. No. 17, Ex. 1.) The Kent County Circuit Court denied Bentwaters' objection that the funds could not be garnished because they were held in trust for the benefit of the USDA and ordered Fifth Third to deliver the funds to Mercantile. (Dkt. No. 17, Ex. 2.) This writ of garnishment is not at issue in the present matter.

On August 22, 2011, Fifth Third, Bentwaters, and the USDA entered into a Deposit Account Control Agreement ("DACA") for the account in question. (Dkt. No. 15, Ex. 2.) According to the DACA, Bentwaters owns the account, the USDA is a secured creditor with exclusive control over the account, and Fifth Third is the depository bank. (*Id.* ¶ 3.)

On February 21, 2012, and June 13, 2012, Mercantile served Fifth Third with second and third writs of garnishment. (Dkt. No. 17, Exs. 3, 4.) Presently, both writs are unsatisfied.

Meanwhile, on June 7, 2012, Triangle served a writ of garnishment on Fifth Third for the same account funds. (Dkt. No. 17, Ex. 5.) On July 2, 2012, Fifth Third filed a garnishee disclosure. (Dkt. No. 17, Ex. 9.) However this disclosure was untimely because, one week

2

prior, the circuit court had entered a default judgment against Fifth Third, ordering it to pay Triangle $484,055.40, the full amount of Triangle's garnishment. (Dkt. No. 17, Exs. 12-13.)

Subsequently, Fifth Third filed multiple motions for relief and a motion for reconsideration, all of which were denied. (Dkt. No. 17, Exs. 10, 14, 18-20, 22.) Currently, Fifth Third has pending in circuit court two applications for leave to appeal to the Michigan Court of Appeals. (Dkt. No. 17, Exs. 24, 26.)

Fifth Third filed the present interpleader action in state court on September 5, 2012. The case was removed to this Court by the USDA on October 12, 2012. (Dkt. No. 1.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## III.

Before delving into the various arguments for dismissal, the first issue the Court must unravel is the nature of the default judgment entered in favor of Triangle and against Fifth Third in the Triangle action. Bentwaters and Triangle submit that upon entry of the judgment in the Triangle action, the Triangle garnishment merged with the default and ceased to be operative as to the funds in the DACA account. In essence, they argue that Fifth Third itself is now liable to pay Triangle its own money to satisfy the judgment.

The proffered support for Fifth Third's personal liability is thin. Bentwaters relies on a Michigan Court of Appeals case which concerned summary judgment in a mortgage priority dispute. *Am. Fed. Sav. & Loan Ass'n v. Orenstein*, 265 N.W.2d 111 (Mich. Ct. App. 1978). "Upon entry of a final judgment, all prior nonfinal rulings and orders (including in this case the partial summary judgment as to priorities), are incorporated into the final judgment and are finalized for purposes of appeal." *Id.* at 113-14. This general statement referred to whether non-final orders could be appealed piecemeal. *Id.* at 1114. It has nothing to do with whether a default judgment in a garnishment action merges the garnishment into the personal liability of the garnishee.

4

Nowhere in Michigan statutes or case law is this permitted. The Michigan statute on garnishment, Mich. Comp. Laws § 600.4011, *et seq.*, expressly provides for circumstances where a garnishee may become personally liable:

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his own goods and estate the full amount due on the judgment recovered with interest, to be recovered in a civil action.

Mich. Comp. Laws § 600.4051. These circumstances are not present here. A default judgment was entered against Fifth Third as garnishee, for its failure to timely file its objections to garnishment. Thus, a judgment was entered against Fifth Third without regard to anything disclosed by Fifth Third to the court, let alone anything falsely disclosed. Under such circumstances, there can be no personal liability under the statute, and the Court will not read-in a new basis for personal liability.

The fact that the judgment does not specify that Fifth Third may pay the judgment out of the DACA account is irrelevant to this analysis. The Triangle action concerned only a writ of garnishment and nothing more. Moreover, nothing happened before the circuit court to change the nature of the liability for that garnishment. Under such circumstances, it would have been redundant for the circuit court to have specified where this garnishment was to be paid from.

With that preliminary matter settled, the Court will now consider the merits of the arguments for summary judgment.

## A. Res Judicata

Triangle argues that res judicata bars Fifth Third from relitigating the default judgment. Res judicata requires (1) a prior decision on the merits, (2) involving the same parties or their privies, and (3) during which the matter in the second case was, or could have been, resolved. *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Res judicata does not apply because the first two factors are not satisfied.

### 1) Decision on the merits

Triangle contends that under Michigan law a default judgment is considered a decision on the merits. In support, Triangle quotes a Michigan Court of Appeals decision, *Richards v. Tibaldi*, 726 N.W.2d 770, (Mich. Ct. App. 2006). "A default judgment is treated the same as a litigated judgment for purposes of res judicata and is considered a decision on the merits." *Id.* at 776. However, Triangle leaves out an important condition. "A default judgment is just as conclusive an adjudication and as binding upon the parties *of whatever is essential to support the judgment* as one which has been rendered following answer and contest." *Barnes v. Jeudevine*, 718 N.W.2d 311, 315 (Mich. 2006) (emphasis added) (quoting *Perry & Derrick Co., Inc. v. King*, 180 N.W.2d 483, 485 (Mich. Ct. App. 1970)).

In this case, the only factor essential to the circuit court default judgment was Fifth Third's tardiness in filing its opposition to garnishment. The circuit court did not decide any issue presently before this Court, such as whose interest in the DACA account funds – between Triangle, Mercantile, and the USDA – is superior.

6

Fifth Third does not seek to re-litigate the default judgment; it admits that Triangle has a right to funds in the DACA account under the default judgment. Instead, Fifth Third asks this Court only to decide whether Triangle's right under the default judgment is superior to Mercantile's right to the funds and/or the USDA's right to the funds. This is a distinct question which was never addressed by the default judgment. Thus, the default judgment does not constitute a decision on the merits for the purposes of res judicata.

### 2) Party or Privy

Triangle is also unable to meet the party or privy requirement. Neither Mercantile nor the USDA was a party in the Triangle garnishment action, nor were their interests adequately represented. "While there is no general prevailing definition of privity, it has been described as including a person so identified in interest with another that he or she represents the same legal right." *Viele v. DCMA*, 423 N.W.2d 270, 274 (Mich. Ct. App. 1988). Triangle, Mercantile, the USDA, Bentwaters, and Fifth Third all have different rights and interests than each other.

Triangle asserts that it and Mercantile are in privity because they both seek garnishment of the same account funds. This does not constitute privity because there is not enough money in the account to satisfy both claims. Thus, Triangle and Mercantile have conflicting interests over the same money.

Triangle also contends that Fifth Third, Bentwaters, and the USDA are in privity because of the DACA agreement. This shared interest in the funds not privity because the

interests are not equivalent. The USDA claims a security interest in the account funds, Bentwaters owns the funds, and Fifth Third holds the funds. Fifth Third does not care which party ultimately receives the funds from the account. Instead, it wants an order to pay the funds to the entity which has a superior interest in the funds, in order to avoid multiple liability. (Dkt. No. 1, Ex. A, Interpleader Compl. ¶¶ 12-14.) In contrast, the USDA does care which party receives the funds; the USDA alleges a superior interest in the funds to Triangle and Mercantile, pursuant to Michigan's codification of the Uniform Commercial Code, Mich. Comp. Laws §§ 440.9104, 440.9314, 440.9327. (Dkt. No. 21.) Last, Bentwaters, while it prefers that the USDA receive the funds in the account, cannot be said to be in privity with the USDA because, unlike the USDA, Bentwaters has no actual control over the account (Dkt. No. 17, Ex. A., DACA Agmt. ¶ 3), and, unlike the USDA, Bentwaters faces legal obligations – the payment of both Triangle and Mercantile – that are not aligned with the USDA's interest in the DACA account funds.

Because the default judgment was not a judgment on the merits of the present case and because this present case does not concern the same parties or their privies, res judicata is inapplicable.

## B. Collateral Estoppel

Collateral estoppel requires (1) the same parties or their privies, (2) a valid, final judgment in the first proceeding, (3) the same issue was actually litigated in the first proceeding, and (4) that issue was necessary to judgment, (5) the party against whom

preclusion is asserted (or its privy) had a full and fair opportunity to litigate the issue. *United States v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004) (citing *Michigan v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).

As discussed above, this case does not involve the same parties or their privies, nor was the issue of the interests of Mercantile and the USDA litigated in the prior action. Thus, collateral estoppel is similarly inapplicable.

## C. Waiver

Next, Triangle contends that Fifth Third waived the "defense" of interpleader by failing to timely raise it in the prior Triangle action. However, interpleader is not a defense. According to Michigan's Court Rules it is either a counterclaim, a cross-claim, or a separate action. Mich. Ct. Rule 3.603(A). According to these rules, a defendant exposed to liability "*may* obtain interpleader by counterclaim or cross-claim." Mich. Ct. R. 3.603(A)(2). However, such an entity may also institute an action against the persons having claims against it and require them to interplead in order to avoid being exposed to multiple liability. Mich. Ct. R. 3.603(A)(1), (3). Moreover, Fifth Third was not obligated to assert any counterclaim against Triangle,[1] and thus its failure to raise interpleader as a counterclaim did not waive its right to bring the present action.

---

[1]If Fifth Third had asserted any counterclaim, then it would have been obligated to assert all counterclaims arising out of the same "transaction or occurrence." *See* Mich. Ct. Rule 2.203(A).

**D. Inequitable Conduct**

Next, Triangle argues that Fifth Third's "unclean hands" preclude its request for equitable relief. Triangle alleges that Fifth Third knowingly filed false disclosures in circuit court regarding garnishments of the DACA account, misrepresented material facts to the circuit court, and has engaged in forum shopping. These arguments are irrelevant to the present matter because none relate to any misconduct pertaining to the interpleader action before this Court.

The clean hands doctrine "closes the doors of equity to one tainted with inequitableness or bad faith *relative to the matter in which he seeks relief*." *McKeighan v. Stachnik v. Winkel*, 230 N.W.2d 529, 532 (Mich. 1975) (emphasis added). As discussed, the matter in which Fifth Third seeks relief is not overturning the default judgment, but rather establishing the priority of competing interests in the DACA account. Thus, the alleged inequitable conduct of Fifth Third in relation to the prior Triangle action does not trigger the clean hands doctrine. Moreover, the allegation of forum-shopping is frivolous because Fifth Third filed the present action in the same court as the Triangle action

To the extent that Triangle is attempting to trigger Fifth Third's personal liability for the garnishment judgment pursuant to Mich. Comp. Laws § 600.4051 through these allegations, the argument similarly lacks merit. First, judgment was entered in that action before any such disclosures were filed. Second, it is not the place of this Court to decide whether false disclosures were filed in the Triangle action for purposes of § 600.4051.

10

**E.** *Rooker-Feldman*

Last, Triangle asserts that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine has evolved from two Supreme Court cases which establish that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings.'" *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002)).  "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction."  *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003).  "In determining the applicability of the *Rooker-Feldman* doctrine, federal courts 'cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint,' but instead 'must pay close attention to the relief sought by the federal-court plaintiff.'" *Hood*, 341 F.3d at 597 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

The *Rooker-Feldman* doctrine is not triggered by this case.  As discussed, Fifth Third does not seek a ruling that the state court in the Triangle action was incorrect.  Rather, Fifth Third agrees that the state court was correct to enter a default judgment against it.  The focus of the present suit is the priority in the DACA account funds between Triangle, Mercantile, and the USDA.  This issue was not litigated in the state court action, and granting interpleader relief to Fifth Third would not imply that the default judgment entered against

11

Fifth Third by the circuit court was incorrect.

## IV.

For the reasons stated in this opinion, Triangle's motion for summary judgment will be denied. Because the Court considered the arguments presented in Fifth Third's proposed reply brief, Fifth Third's motion for leave to file a reply brief will be denied as moot. An order consistent with this opinion will be entered.


Date:  <u>February 11, 2013</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE