UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FIFTH THIRD BANK,

     Plaintiff,

                                    CASE NO. 1:12-CV-1123

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES DEPARTMENT
OF AGRICULTURE-RURAL
DEVELOPMENT, et al.,

     Defendants.
_____/

**O P I N I O N**

On February 11, 2013, this Court entered an opinion and order denying Defendant Triangle Associates' motion for summary judgment. (Dkt. Nos. 34-35.) On February 25, 2013, Triangle filed a motion for reconsideration of that order. (Dkt. No. 37.) Pursuant to W.D. Mich. LCivR 7.4(b), the Court invited all interested parties to file a response to that motion. The Court has received three such responses, and now denies the motion for reconsideration.

**I.**

The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same

issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## II.

In denying the motion for summary judgment, this Court concluded that Triangle's default judgment against Fifth Third, a garnishee, did not result in Fifth Third being personally liable for the garnishment. Triangle now argues that there was a palpable and misleading defect in this analysis because the Court misinterpreted *McKnight v. General Retirement System of City of Detroit*, Nos. 290261, 293215, 2010 WL 4628654 (Mich. Ct. App. 2010), and did not comply with the *Rooker-Feldman* doctrine. Triangle further argues that Fifth Third is personally liable for the default judgment pursuant to Michigan case law and the Michigan Court Rules.

**A. Alleged Errors**

   **1.** *McKnight*

Triangle argues that Fifth Third omitted material portions of *McKnight* "upon which this Court clearly relied and cited in its opinion." (Dkt. No. 38, at 1.) However, this Court did not cite *McKnight* in its opinion denying the motion for summary judgment and did not rely on *McKnight* in reaching its decision. Thus, regardless of the differences in interpretation of *McKnight* between Triangle and Fifth Third,[1] it is irrelevant for purposes of determining if there was a palpable and misleading defect in the Court's February 11 opinion.

   **2.** *Rooker-Feldman*

Triangle further argues that this Court was misled by Fifth Third's argument that it was not challenging the state court judgment. However, Triangle merely raises the same arguments this Court previously found unconvincing. "[M]otions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a). Triangle's argument is that the default judgment against Fifth Third was one of personal liability and that this Court thus overruled the state court by limiting the judgment to the account funds. As fully covered in the prior opinion (and discussed again in this

---

[1]The Court notes that *McKnight* seems to imply that personal liability can exist on a default judgment in a garnishment proceeding. The lower court imposed personal liability on a defaulted garnishee, and the court of appeals did not reverse the lower court on that ground. However, *McKnight* never addressed the issue of whether the liability could be personal, instead focusing on the amount of liability that could be imposed. Without any analysis in the opinion as to why personal liability can or cannot be imposed, the Court does not find *McKnight* persuasive.

opinion), *Rooker-Feldman* is not applicable because the default judgment did *not* hold Fifth Third personally liable for the garnishment. Thus, this Court did not overrule the state court, and there was no palpable and misleading defect in its opinion.

Contrary to Triangle's supplement, Fifth Third's recent motion in the Michigan Court of Appeals asking the court to hold Fifth Third's appeal in abeyance pending this Court's determination of the interpleader action is not evidence that Fifth Third is attempting to circumvent the Michigan courts. Instead, the motion is based on the fact that this Court may resolve the conflicting claims to the account funds, and if the Court decides that Triangle has the superior interest then Fifth Third concedes that its claim pending on appeal – that the lower court's entry of default judgment was premature – would constitute harmless error and be moot. (*See* Dkt. No. 52, Ex. 1.)

**B. Personal Liability on the Default Judgment**

Triangle cites various cases and court rules to support its claim that Fifth Third is personally liable on the default judgment.² According to an 1896 opinion, the garnishee's "failure to expose for execution such property and effects after the plaintiff has become entitled to levy thereon renders the garnishee defendant personally liable in his own goods and estate to the amount of such judgment." *Childs v. N.B. Carlstein Co.*, 76 F. 86, 94 (Circuit Court, E.D. Mich. 1896). First, the Court will not rely on an 1896 case interpreting

---

²The two bankruptcy court decisions in Illinois and Virginia provided by Defendant Bentwaters, which indicate that a default judgment constitutes an "independent cause of action" or "an action against the employer-garnishee," are not helpful in determining the meaning of Michigan's garnishment statutes and rules and are thus omitted from this discussion.

4

antiquated statutory language to find Fifth Third personally liable. Second, this language is patently ambiguous; it is not clear that Fifth Third's failure to file a disclosure statement is equivalent to a "failure to expose for execution such property and effects." *Id.*

Next, Triangle quotes a 1993 Michigan Court of Appeals decision which held that "the garnishee is liable for 'all debts, whether or not due, owing by the garnishee defendant to the principal defendant . . . . This rule conforms with the statutory provision that the court has the power to apply the garnishment to an 'obligation owed.'" *Royal York of Plymouth Ass'n v. Coldwell Banker Schweitzer Real Estate Servs.*, 506 N.W.2d 279, 280-81 (Mich. Ct. App. 1993) (quoting Mich. Ct. R. 3.101(G)(1)(d) and Mich. Comp. Laws § 600.4011(1)(b)). The Court fails to see the significance of this holding. Fifth Third did not owe a debt to the principal defendant, Bentwaters, and the writ of garnishment did not seek payment of any such debt. Triangle's argument that general deposits in a bank create a debtor-creditor relationship, even if accepted by the Court,[3] would only establish that the DACA account funds were eligible to be sought through a writ of garnishment. Nothing in *Royal York* or Michigan Court Rule 3.101(G) suggests that the garnishee defendant is *personally* liable for any such debt or obligation owed; instead, the Rule, in discussing garnishee liability, lists debts equally with other items eligible for garnishment, such as tangible property. *See* Mich. Ct. Rule 3.101(G)(1)(a)-(i).

---

[3]Triangle ignores the fact that the existence of a debtor-creditor relationship would be complicated by the fact that the USDA had exclusive control over the account as a secured creditor. Because of that interest, it is unclear to the Court whether any "debt" owed by Fifth Third as a result of the general deposit of funds would be owed to the USDA or to Bentwaters.

The other court rules cited by Triangle similarly offer little support for finding Fifth Third personally liable. Rule 3.101(O) merely states the general rule that judgment may be entered against the garnishee for the payment of money or property in satisfaction of the garnishment. Similarly, Rule 3.101(S) states the rule that a court may enter a default judgment against a garnishee who fails to make a required disclosure within the time limits provided.[4] Language that merely provides that a garnishee "is liable" does not equate with that liability being personal, and neither rule provides specific language to indicate that this liability is indeed personal.

As stated in the Court's prior opinion, Mich. Comp. Laws § 600.4011, *et seq.*, expressly provides for circumstances where a garnishee may become personally liable:

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, *to pay out of his own goods and estate the full amount due on the judgment* recovered with interest, to be recovered in a civil action.

Mich. Comp. Laws § 600.4051 (emphasis added). These circumstances are not present here, and the Court will not read-in personal liability to the language of various court rules which impose liability on garnishees but do not include operative language similar to "is liable to

---

[4]Bentwaters provides a secondary source which states "a default judgment [] may be executed against the garnishee's own funds or property." Michigan Court Rules Practice, 4 Mich, Ct, Rules Prac., § 3101.8 (5th ed.). However, in support, the source only cites to Rule 3.101(S)(1) which does *not* provide that a default judgment may be taken against the garnishee's own funds or property. Indeed, to describe the cap on the amount able to be recovered on a default judgment, Rule 3.101(S)(1) refers to Rule 3.101(G)(2) which discusses what property may be garnished in general.

pay out of his own goods and estate." *Id.*

## IV.

Because Triangle has not identified a palpable and misleading defect in this Court's previous opinion, the motion for reconsideration will be denied.

An order consistent with this opinion will be entered.

Dated: <u>March 20, 2013</u>                    <u>/s/ Robert Holmes Bell          </u>
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE