UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIFTH THIRD BANK,

        Plaintiff,

                              CASE NO. 1:12-CV-1123

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES DEPARTMENT
OF AGRICULTURE-RURAL
DEVELOPMENT, et al.,

        Defendants.
_____/

**O P I N I O N**

This is an interpleader action brought by Plaintiff Fifth Third Bank to resolve competing interests in the funds residing in Defendant Bentwaters Partners' bank account at Fifth Third. Previously, this Court denied Defendant Triangle's motion for summary judgment (Dkt. Nos. 34-35), and denied Triangle's subsequent motion for reconsideration (Dkt. Nos. 65-66). Presently before the Court is Bentwaters' motion for summary judgment. (Dkt. No. 60.) For the reasons that follow, this motion will be granted.

**I.**

On May 26, 2004, Bentwaters obtained a loan from Centennial Mortgage, Inc. for the acquisition of apartment complexes in the City of Three Rivers, Michigan. This loan was guaranteed by the United States of America through the Guaranteed Rural Rental Housing Program, 7 C.F.R. § 3565. In connection with that loan, Bentwaters executed and delivered

to Centennial a promissory note, security agreement, and mortgage. (Dkt. No. 61, Exs. 1-3.) Bentwaters subsequently defaulted, and Centennial submitted a loss claim to the United States Department of Agriculture ("USDA"). After payment on the loss claim, the USDA received an assignment of Bentwaters' promissory note, security agreement, and mortgage from Centennial in accordance with 7 C.F.R. § 3565.455. (Dkt. No. 62, Exs. 6-7.)

On August 22, 2011, Fifth Third, Bentwaters, and the USDA entered into a Deposit Account Control Agreement ("DACA") for the account in question. (Dkt. No. 62, Ex. 8, DACA.) According to the DACA, Bentwaters owns the account, the USDA is a secured creditor with exclusive control over the account, and Fifth Third is the depository bank. (*Id.* ¶ 3.)

Subsequently, on February 21, 2012, and June 13, 2012, writs of garnishment were issued against Fifth Third and in favor of Mercantile. (Dkt. No, 62, Ex. 10.) On June 7, 2012, a writ of garnishment was issued against Fifth Third and in favor of Triangle. (Dkt. No. 62, Ex. 9.) A default judgment was entered against Fifth Third in the Triangle garnishment action.

Fifth Third filed the present interpleader action in state court on September 5, 2012. The case was removed to this Court by the USDA on October 12, 2012. (Dkt. No. 1.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)).  Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

Bentwaters argues that summary judgment should be entered in favor of the USDA, and the account funds awarded to the USDA, because the USDA has a prior security interest in the funds that is superior to the other claimants.  Alternatively, Bentwaters requests that the Court order Fifth Third to tender the account funds to the Court for disposition and discharge Fifth Third from the action.

As for the other parties, the USDA concurs in Bentwaters' motion in full.  (Dkt. No.

69.) Mercantile did not file a response to Bentwaters' motion, but, according to Bentwaters, did indicate its concurrence with Bentwaters' request that Fifth Third deposit the funds with the Court and be dismissed from the action. (Dkt. No. 60, ¶ 22.) Fifth Third is willing to pay the funds into an escrow account with the Court. (Dkt. No. 68.) However, Fifth Third asks that the Court discharge it of all liability to the other parties with respect to the account and its funds. (*Id.*) In addition, Fifth Third requests that the Court address Triangle's counterclaim against it in any final ruling involving Fifth Third. (*Id.*) Last, Triangle states that it does not have a claim to the account because its claim is satisfied by the entry of default judgment against Fifth Third in the garnishment action, which it contends was a personal judgment. Consequently, Triangle argues that this entire case should be dismissed, incorrectly asserting that Mercantile has abandoned its claim to the account funds.[1] (Dkt. No. 71.) Additionally, Triangle argues that this Court lacks the ability to discharge Fifth Third from liability in excess of the funds deposited.

**A. Is USDA entitled to the account funds as a matter of law?**

A security interest in a deposit account may be perfected by control. Mich. Comp. Laws § 440.9314(1). According to Michigan's Uniform Commercial Code:

> A secured party has control of a deposit account if . . . [t]he debtor, secured party and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor.

---

[1]Neither Mercantile's decision not to file a response to Bentwaters' motion for summary judgment nor Mercantile's concurrence in *part* of the relief requested by Bentwaters is an abandonment of Mercantile's claim to the account funds.

Mich. Comp. Laws § 440.9104(1)(b). Here, the USDA, Fifth Third, and Bentwaters entered into the DACA, which by its plain terms grants the USDA a secured interest in the account. (DACA ¶ 2.)[2] Further, the DACA expressly perfected that interest, pursuant to § 440.9104, by granting the USDA exclusive control over the account:

> **Control.** In order to provide the Secured Party with control over the Deposit Account(s), Company agrees that Depository Bank shall comply with any and all orders, notices, requests and other instructions originated by Secured Party directing disposition of the funds in the Deposit Account(s) <u>without any further consent from Company</u>, even if such instructions are contrary to any of Company's instructions or demands or result in Depository Bank dishonoring items which may be presented for payment.

(*Id.* ¶ 3.)

As a secured creditor with control, the USDA has priority in the account funds over Triangle and Mercantile. "[A] security agreement is effective according to its terms between the parties against purchasers of the collateral and against creditors." Mich. Comp. Laws § 440.9201. "The effect of this provision is to give priority to a [] secured party over 'anyone, anywhere, anyhow' except as provided in the Code." *Se. Fin. Corp. v. Nat'l Bank of Detroit*, 377 N.W.2d 900, 901 (Mich. Ct. App. 1985). "The Code" – Michigan's Uniform Commercial Code – explicitly provides that the USDA, as a secured party with a perfected security interest, has priority over other parties, even those with conflicting security interests. "A security interest held by a secured party having control of the deposit account under section 9104 has priority over a conflicting security interest held by a secured party that does

---

[2]Technically, the DACA is governed in accordance with Ohio law. However, Ohio law on the matter is virtually identical. *See* Ohio Rev. Code § 1309.104.

not have control." Mich. Comp. Laws § 440.9327(a).[3]

Consequently, the Court will grant the motion for summary judgment and enter an order recognizing the superiority of the USDA's interest in the account funds.

**B. Fifth Third's liability**

Fifth Third asks the Court to "[d]ischarge the Bank of all liability to all other parties with respect to the Account and its funds." (Dkt. No. 1, Ex. A, Compl. ¶ 14(D).) Triangle, ignoring this plain language, argues that Fifth Third is requesting that this Court discharge Fifth Third's liability "in excess of the funds deposited." (Dkt. No. 71, at PageID# 1447.) Ultimately, Triangle believes that the default judgment it secured against Fifth Third on its writ of garnishment is a personal judgment that Fifth Third must pay out of its own funds, and it fears that this Court will improperly discharge Fifth Third from liability on that judgment. As discussed at length in this Court's opinions denying Triangle's motions for summary judgment and reconsideration, the Court does not believe that Fifth Third is personally liable on the default judgment. (Dkt. Nos. 34, 65.) Nevertheless, rehashing that argument is unnecessary because Fifth Third does not seek a discharge of liability with respect to anything but the account funds, and this Court's judgment will not affect Fifth Third's liability outside those funds.

---

[3]The USDA also has a perfected security interest, and thus priority, over all rent and lease payments held in the deposit account by virtue of the "assignment of rents" contained in the mortgage.

**C. Triangle's counterclaims/cross-claims**

Last, the Court must address the issue of Triangle's counterclaims/cross-claims. (Dkt. No. 42.)  Triangle alleges that Bentwaters and the USDA violated Mich. Comp. Laws § 566.31 *et seq.* when Bentwaters fraudulently transferred a security interest in the account to the USDA after Triangle became a judgment creditor.  Triangle further alleges that Fifth Third violated Mich. Comp. Laws § 600.4051 by knowingly and willfully answering falsely in a disclosure filed in response to a writ of garnishment.

Triangle now argues that this case should be dismissed in its entirety.  (Dkt. No. 71, at PageID# 1447.) Triangle "maintains its cross/counter-claims **only** to the extent Triangle's judgment against Fifth Third is interpreted as anything other than a valid final personal judgment, which in turn requires Triangle to raise these compulsory claims, and only to the extent this issue must be litigated in this case rather than the Michigan courts." (*Id.*)  While this Court has interpreted Triangle's judgment as non-personal in denying Triangle's motion for summary judgment, this interpretation does not affect the Court's ultimate disposition of this interpleader action; the USDA is entitled to the account funds whether or not Triangle's judgment against Fifth Third is personal in nature.  Thus, the Court's judgment in this case only affects the default judgment to the extent that default judgment provided Triangle with an interest in the account funds.  Because this Court is not discharging Fifth Third from any personal liability on the default judgment (if there is any), it will dismiss Triangle's counterclaims/cross-claims without prejudice, in accordance with Triangle's request.

An order consistent with this opinion will be entered.

Dated: <u>April 26, 2013</u>                     /s/ Robert Holmes Bell            
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE